UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERJUAN TYUS,<br>    *Plaintiff*,<br><br>v.<br><br>SCOTT SEMPLE, *et. al.*,<br>    *Defendants*. | No. 3:19-cv-73 (VAB) |

**INITIAL REVIEW ORDER**

Gerjuan Tyus, currently incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, and proceeding *pro se*, sued Commissioner Scott Semple; Former Commissioners James Dzurenda, Leo Arnone, Theresa Lantz, James Armstrong, and Lawrence Meachum; Warden Henry Falcone; Director of Engineering and Facilities Management Steven Link; Former Director of Engineering and Facilities Management David Batten; and John Does 1–3 (collectively "Defendants") for deliberate indifference under 42 U.S.C. § 1983. Complaint, ECF No. 1("Compl.").

For the following reasons, the Court **DISMISSES** Mr. Tyus' class claims and declines to exercise supplemental jurisdiction over the surviving state-law claims.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Allegations**

Incarcerated at Garner Correctional Institution ("Garner") from February 24, 2010, until December 14, 2017, Mr. Tyus alleges that Defendants should have been aware of the possibility of radon exposure at Garner since its construction in 1992. In December 2013 and January 2014, Garner was tested for radon. When testing showed high radon levels, a radon mitigation system allegedly was installed.

1

No testing allegedly was performed in the inmate housing units and the radon mitigation system allegedly was not installed in the inmate housing units. Correctional staff allegedly were informed of the radon exposure, but inmates allegedly were not told. Mr. Tyus allegedly has not been tested for radon exposure, has not been diagnosed with any medical conditions associated with redon exposure, and has not exhibited any symptoms of radon exposure.

### B. Procedural History

On January 14, 2019, Mr. Tyus filed this Complaint against Defendants. Complaint, ECF No. 1. On the same day, he moved to proceed *in forma pauperis*. Motion for Leave to Proceed in forma pauperis, ECF No. 2.

On January 17, 2019, the Court referred the *in forma pauperis* to Magistrate Judge William I. Garfinkel. Order Referring Case, ECF No. 6. The following day, Magistrate Judge Garfinkel granted Mr. Tyus' motion to proceed *in forma pauperis*. Order Granting Motion to Proceed in forma pauperis. ECF No. 7.

## II. STANDARD OF REVIEW

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544,

555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, notwithstanding this liberal interpretation, a pro se complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

## III. DISCUSSION

Mr. Tyus asserts federal and state law claims. He contends that Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment of the United States Constitution and Article first, section 8, of the Connecticut Constitution by housing him at Garner when they knew about the high levels of radon in the facility. He also alleges that Defendants Semple, Dzurenda, and Falcon deprived him of his right to pursue this matter through the institutional grievance procedure and with the Connecticut Claims Commission by failing to inform inmates of the radon exposure in violation of Article first, section 10, of the Connecticut Constitution.

### A. Class Claims

Mr. Tyus alleges that he brings this action on behalf of himself and all other inmates subjected to radon exposure at Garner. He cannot, however, bring a class action lawsuit pro se. *See Morneau v. Connecticut*, No. 3:07-cv-819 (JBA), 2008 WL 2704817, at *3 (D. Conn. July 7,

2008) (holding that pro se prisoner cannot adequately represent interest of class of prisoners); *Nwanze v. Philip Morris*, 100 F. Supp. 2d 215, 218 n.3 (S.D.N.Y. 2000) (acknowledging "well established federal rule forbidding *pro se* plaintiffs from conducting class action litigation"). Accordingly, any claims asserted on behalf of unidentified persons are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**B. Deliberate Indifference**

To state a claim for deliberate indifference to health or safety, Mr. Tyus must show that the conditions of his confinement posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference exists when prison officials know of and disregard an excessive risk to inmate safety. *See id.* at 837; *see also Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 357 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference). A condition is sufficiently severe if it deprives an inmate of "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (internal quotation marks omitted)).

Here, Mr. Tyus alleges that he was exposed to radon during his time at Garner and that the Defendants were aware of the danger of radon exposure for many years but failed to address it. Although he allegedly has not suffered any radon-associated conditions, he need not have contracted an illness to state a cognizable claim. *See Helling*, 509 U.S. at 34–35 (finding that an inmate can state Eighth Amendment claim for exposure to unsafe conditions that pose unreasonable risk of harm to future health). The Court considers these allegations sufficient, at this time, to state a plausible Eighth Amendment claim.

4

### C. State-Law Claims

Mr. Tyus asserts state law claims for violation of Article first, sections 8, which provides: "No person shall be . . . deprived of life, liberty or property without due process of law . . ." Conn. Const. art. 1, § 8. The Connecticut Supreme Court, however, has not recognized a private right of action under this provision. *See Gothberg v. Town of Plainfield*, 148 F. Supp. 3d 168, 187–88 (D. Conn. 2015) (declining to exercise supplemental jurisdiction over state constitutional claim under Article first, section 8); *see also Doe v. Mastroloni*, No. 3:14-CV-718(CSH), 2016 WL 593439, at *17 (D. Conn. Feb. 1, 2016) (declining to exercise supplemental jurisdiction over state constitutional provisions, including Article first, section 8, where state courts have declined to recognize a private right of action) (citing cases). As the Connecticut Supreme Court has not recognized a private right of action under this provision, the Court declined to exercise supplemental jurisdiction over this claim.

Mr. Tyus also asserts a claim under Article first, section 10, which provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Conn. Const, art. 1, § 10. The Connecticut Supreme Court has held that "Article first, § 10 . . . does not itself create new substantive rights but, instead, protects access to [Connecticut state] courts." *Binette v. Sabo*, 244 Conn. 23, 30 (1998). As no substantive rights are created, the Court also declined to exercise supplemental jurisdiction over this claim. *See Lopez v. Smiley*, 375 F. Supp. 2d 19, (D. Conn. 2005) (declining to exercise supplemental jurisdiction over claims for declaratory and injunctive relief and damages based on violation of Article first, §§ 4, 5, 7, 8, 9, 10, 14).

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Mr. Tyus' class claims and declines to exercise supplemental jurisdiction over the surviving state-law claims.

The Court also enters the following orders:

(1)     The Clerk shall contact the Department of Correction Office of Legal Affairs to ascertain whether any of the defendants are currently employed, or whether the Office of Legal Affairs can forward service packets to retired employees. For any positive response, the Clerk shall mail a waiver of service of process request packet to the defendant at the address provided within twenty-one (21) days of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If any defendant for whom an actual address was provided fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within twenty-one (21) days from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     The Clerk shall send Mr. Tyus a copy of this Order.

(4)     The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the complaint, either an answer or

motion to dismiss, within sixty (60) days from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, under Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff **MUST** notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address, even if he is incarcerated. The plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) Mr. Tyus shall utilize the Prisoner E-filing Program when filing documents with the Court.

(11) The Court cannot order service on defendants Doe 1–3 in their individual

capacities without service addresses. The plaintiff is directed to forward this information to the Court within thirty days from the date of this order. Failure to do so may result in the dismissal of this action as to any defendant for whom a service address has not been provided.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of April 2019.

                                                      /s/ Victor A. Bolden
                                                 VICTOR A. BOLDEN
                                                 UNITED STATES DISTRICT JUDGE