# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERJUAN TYUS,<br>    *Plaintiff*,<br><br>v.<br><br>SCOTT SEMPLE, *et al.*,<br>    *Defendants*. | No. 3:19-cv-73 (VAB) |

### RULING AND ORDER ON MOTION TO DISMISS OR FOR A STAY

    Gerjuan Tyus ("Plantiff"), currently incarcerated at Corrigan-Radgowski Correctional Institution ("Corrigan") in Uncasville, Connecticut, filed this Complaint *pro se* under 42 U.S.C. § 1983 against Scott Semple, the Commissioner of the Department of Correction, and eight former Commissioners of the Department of Correction ("Defendants"). Mr. Tyus asserts claims challenging his exposure to radon gas while confined at Garner Correctional Institution in Newtown, Connecticut ("Garner").

    Defendants have moved to dismiss Mr. Tyus's Complaint, or in the alternative, to stay this action pending United States Court of Appeals for the Second Circuit's decision in the related case of *Vega v. Semple*, No. 18-3176.

    For the reasons explained below, the motion is **GRANTED in part** to the extent that this case is stayed pending conclusion of the appeal in *Vega*, No. 18-3176.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

The Court assumes familiarity with the underlying allegations of this case. *See* Initial Review Order, ECF No. 8 (Apr. 26, 2019) ("IRO").

In January 2017, inmate Harry Vega filed a lawsuit, *Vega v. Semple, et al.*, No. 3:17-cv-107 (JBA), against Commissioner Semple and previous DOC Commissioners on behalf of himself and all inmates and pretrial detainees who were exposed to high levels of radon gas while confined at Garner. In June 2017, the case was consolidated with a similar case filed by inmate Michael Cruz, *Cruz et al. v. Semple, et al.*, No. 3:17-cv-348 (JBA), and the Honorable Janet Bond Arterton presided over both. *See* Docket Entries, *Vega*, No. 3:17-cv-107 (JBA), ECF Nos. 30, 38, 48.

In October 2017, the defendants in *Vega* moved to dismiss arguing, *inter alia*, that they were protected from suit by qualified immunity.

On September 27, 2018, Judge Arterton granted the motion to dismiss on qualified immunity grounds as to Eighth Amendment violations occurring before June 18, 1993, but denied it as to Eighth Amendment violations occurring after that date. *Vega v. Semple*, No. 3:17-cv-107 (JBA), 2018 WL 4656236, at *4-*8 (D. Conn. Sept. 27, 2018). Judge Arterton also dismissed the Fourteenth Amendment access to courts claim and denied the motion as to the requests for declaratory and injunctive relief. *Id.* at *8-*9.

The defendants appealed the decision to the Second Circuit, and oral argument was held on October 31, 2019. Case Heard, *Vega v. Semple*, No. 18-3176, ECF No. 81 (Oct. 31, 2019).

On January 14, 2019, Mr. Tyus filed this action asserting nearly identical claims to those contained in the *Vega* amended complaint, and against the same Defendants. Defendants move to

dismiss the Mr. Tyus's Complaint for the same reasons stated in their materials for the motion to dismiss in *Vega,* as well as two additional reasons.

First, Defendants argue that several defendants who left the Department of Correction before Mr. Tyus was transferred to Garner were not involved in his claims, and thus Mr. Tyus's request for injunctive relief regarding conditions of confinement at Garner is moot because Mr. Tyus is no longer confined there. Second, and in the alternative, Defendants seek a stay of proceedings in this case pending the Second Circuit's decision in the *Vega* appeal.

### B. Procedural Background

On January 14, 2019, Mr. Tyus filed this Complaint against Defendants. Compl., ECF No. 1 (Jan. 14, 2019).

On April 26, 2019, the Court issued an initial review order dismissing Mr. Tyus's class claims and declining to exercise supplemental jurisdiction over the state-law claims. IRO at 1. Mr. Tyus thus only had an Eighth Amendment deliberate indifference claim remaining against Defendants. *Id.* at 4.

On August 16, 2019, Defendants moved to stay the case. Mot. to Stay, ECF No. 18 (Aug. 16, 2019).

On August 20, 2019, the Court denied the motion to stay in a text order. Order, ECF No. 19 (Aug. 20, 2019).

On August 30, 2019, Defendants moved to dismiss the case on the basis of qualified immunity or other immunity, or in the alternative, for a stay pending the Second Circuit's decision in the related case of *Vega*, No. 18-3176. Mot. to Dismiss or for a Stay, ECF No. 24 (Aug. 30, 2019) ("Defs.' Mot."). In support, they filed their materials from their motion to

dismiss the Mr. Tyus's Complaint for the same reasons stated in their materials for the motion to dismiss in *Vega,* as well as two additional reasons.

First, Defendants argue that several defendants who left the Department of Correction before Mr. Tyus was transferred to Garner were not involved in his claims, and thus Mr. Tyus's request for injunctive relief regarding conditions of confinement at Garner is moot because Mr. Tyus is no longer confined there. Second, and in the alternative, Defendants seek a stay of proceedings in this case pending the Second Circuit's decision in the *Vega* appeal.

### B. Procedural Background

On January 14, 2019, Mr. Tyus filed this Complaint against Defendants. Compl., ECF No. 1 (Jan. 14, 2019).

On April 26, 2019, the Court issued an initial review order dismissing Mr. Tyus's class claims and declining to exercise supplemental jurisdiction over the state-law claims. IRO at 1. Mr. Tyus thus only had an Eighth Amendment deliberate indifference claim remaining against Defendants. *Id.* at 4.

On August 16, 2019, Defendants moved to stay the case. Mot. to Stay, ECF No. 18 (Aug. 16, 2019).

On August 20, 2019, the Court denied the motion to stay in a text order. Order, ECF No. 19 (Aug. 20, 2019).

On August 30, 2019, Defendants moved to dismiss the case on the basis of qualified immunity or other immunity, or in the alternative, for a stay pending the Second Circuit's decision in the related case of *Vega*, No. 18-3176. Mot. to Dismiss or for a Stay, ECF No. 24 (Aug. 30, 2019) ("Defs.' Mot."). In support, they filed their materials from their motion to

dismiss in *Vega*, as well as Judge Arterton's decision, *Vega v. Semple*, No. 3:17-cv-107 (JBA), 2018 WL 4656236 (D. Conn. Sept. 27, 2018) ("JBA Decision").

On September 6, 2019, Defendants moved for a protective order staying all discovery until the Court resolved the motion to dismiss or for a stay. Mot. for Protective Order, ECF No. 26 (Sept. 6, 2019).

On October 23, 2019, Mr. Tyus timely filed his opposition to Defendants' motion to dismiss. Mem. in Opp'n, ECF No. 32 (Oct. 23, 2019) ("Pl.'s Opp'n"). He also includes as supporting documentation Judge Arterton's order and ruling in the motion to dismiss, *see* JBA Decision, as well as the plaintiffs' memorandum of law in opposition to the motion to dismiss.

## II. STANDARD OF REVIEW

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Determining whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Furthermore, "the movant bears the burden of establishing its need for such a stay," and "if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else, the movant must make out a clear case of hardship or inequity in being required to go forward." *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quotation marks and citations omitted).

In deciding whether or not to stay a case, courts in the Second Circuit balance five factors: (1) the private interests of the plaintiff in proceeding expeditiously balanced against the prejudice to him if the litigation is delayed, (2) the private interests of and burden on the defendants, (3) the interests of the courts, (4) the interests of non-parties, and (5) the public interest. *Catskill Mountains Chapter of Trout Unlimited, Inc. v. United States E.P.A.,* 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (citations omitted). The most important consideration and "basic goal," however, "is to avoid prejudice." *Id.* (internal quotation marks) (quoting *LaSala*, 399 F. Supp. 2d at 427). The ultimate decision rests firmly in the court's discretion. *LaSala,* 399 F. Supp. 2d at 427.

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

### III. DISCUSSION

Defendants argue that a stay is appropriate in this case because there is significant overlap between this case and *Vega*, both factually and legally. Primarily, Defendants assert qualified immunity as an affirmative defense, and contend a stay "is in the interest of judicial economy . . . pending the Second Circuit's decision in *Vega*." Mem. of Law in Supp. of Defs.' Mot. at 12, ECF No. 24-1 (Aug. 30, 2019) ("Defs.' Mem."). According to Defendants, the stay would protect their rights arising from "immunity from suit and would alleviate the need for additional motion practice litigating same or for possible additional appeals." *Id.* Defendants

reference another related case that was stayed pending the outcome of the *Vega* appeal, *Harris v. Wicker*, No. 3:18-cv-0695 (AWT). *Id.*

In response, Mr. Tyus relies on the arguments filed in the plaintiffs' opposition to the motion to dismiss in *Vega*, No. 3:17-cv-107 (JBA), and attaches to his opposition a copy of those materials and Judge Arterton's resulting decision, *see* JBA Decision. *See* Pl.'s O'pp'n.

Both this case and *Vega* are based on the same underlying facts, namely the presence of radon gas at Garner and Defendants' alleged failure to inform inmates like Mr. Tyus of their exposure and to undertake remediation efforts in the inmate housing units. *See* Factual Background, *supra*. The two actions assert the same claims, which in this case is an Eighth Amendment claim for unconstitutional conditions of confinement and deliberate indifference to health and safety. *Id.*

The Court will analyze the five factors considered by courts in deciding whether or not to grant a stay. *See, e.g.*, *LaSala*, 399 F. Supp. 2d at 427 (listing the factors enumerated in *Kappel v. Comfort*, 914 F. Supp. 1056, 1058-59 (S.D.N.Y. 1996)). First, because Mr. Tyus focuses on the motion to dismiss in his opposition and does not address the request for a stay, the Court will liberally construe his filings to mean that Mr. Tyus would prefer immediate resolution of his claims. The second factor does not apply because the Defendant is requesting the stay.

The remaining factors are all furthered by granting a stay. As the parties requesting the stay, the Defendants' interests in conserving resources to avoid duplicitous litigation are advanced with the clarity of a Second Circuit decision on qualified immunity. The interests of the courts and non-parties to the litigation are also advanced by avoiding possibly inconsistent judgments on the same underlying allegations. Finally, the interests of the public are advanced for these reasons too, and for the additional reason that state resources in litigating the same

claims will be conserved, until the Second Circuit decides the threshold issue applicable to all these cases (both individual and class actions) that allege injuries caused by radon gas at Garner—whether or not Defendants would be immune from suit.

The appeal in *Vega*, No. 18-3176, was argued before the Second Circuit on October 31, 2019, so the Court need only wait for the case to be decided. If the Second Circuit were to determine that Defendants were protected by qualified immunity from the claims in *Vega*, they also would be protected by qualified immunity from Mr. Tyus's claims. Although the Court cannot predict the date the decision will be issued, this stay would be in effect for a discrete time. Any prejudice caused to Mr. Tyus in the expeditious resolution of this case is outweighed by the many other interests detailed above. As a result, there is a sound basis for a stay. *See, e.g.*, *LaSala*, 399 F. Supp. 2d at 427 (noting the propriety of staying a lawsuit "in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law)" (internal quotation marks and citation omitted)).

A stay will conserve judicial resources, avoid prejudice to Defendants by having to litigate the same issues pending the appeal's outcome, avoid possibly inconsistent results, and not unduly delay resolution of the case.

Accordingly, the Court will stay the case until the Second Circuit decides the appeal in *Vega*, No. 18-3176.

## II. CONCLUSION

For the reasons explained above, the Court **GRANTS in part** Defendants' motion to the extent that the case is **STAYED** pending the Second Circuit's decision in *Vega*, No. 18-3176, and **DENIES in part** without prejudice the motion in all other respects.

Defendants are directed to inform the Court within twenty days from the date of the Second Circuit's decision so that the stay may be lifted.

Finally, consistent with this Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), the Court **GRANTS** Defendant's motion for a protective order staying all discovery during the pendency of the stay.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of March, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE