## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GERJUAN TYUS,
  *Plaintiff*,

v.

SCOTT SEMPLE, et al,
  *Defendants*.

No. 3:19-cv-00073 (VAB)

**RULING AND ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

  Gerjuan Tyus ("Plaintiff"), currently incarcerated at Cheshire Correctional Institution, filed a *pro se* Complaint against Scott Semple, James Dzurenda, Leo Arnone, Theresa Lantz, James Armstrong, Lawrence Meachum, Henry Falcone, Steven Link, David Batten, and John Does 1–3 (collectively, "Defendants") under 42 U.S.C. § 1983, challenging his possible exposure to radon gas while incarcerated at Garner Correctional Institution in 2016 and 2017. Compl., ECF No. 1 (Jan. 14, 2019).

  Mr. Tyus has filed a motion seeking temporary injunctive relief in the form of a pulmonary CT scan and treatment by a specialist in radon gas exposure. Mot. for TRO and a Preliminary Injunction, ECF No. 55 (Oct. 23, 2020) ("TRO Mot."). The Court issued a show cause order, directing Defendants to respond to Mr. Tyus's motion. Order to Show Cause, ECF No. 56 (Nov. 3, 2020). Defendants then filed a response to the show cause order and motion for temporary restraining order. Mem. of Law in Opp'n to Mot. for TRO or Preliminary Injunction and in Resp. to the Ct.'s Order, ECF No. 60 (Dec. 11, 2020) ("Resp.").

  For the following reasons, Mr. Tyus's motion is **DENIED**.

## I.  STANDARD OF REVIEW

Courts in this Circuit apply the same standard to motions for temporary restraining order and preliminary injunctions. *Local 1814, Int'l Longshoremen's Ass'n AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation mark omitted).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.*, the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Int'l Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *see also Transamerica Rental Fin. Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties."). "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" *N. Am. Soccer League, LLC v. U. S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)). "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief.'" *Cacchillo v.*

2

*Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2001) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

"The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)). The Supreme Court repeatedly has stated that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

## II. DISCUSSION

To obtain preliminary injunctive relief, Mr. Tyus must show that irreparable harm is likely if the court denies his request. *See Glossip*, 576 U.S. at 876 (holding that plaintiffs must demonstrate that they are "likely to suffer irreparable harm in the absence of preliminary relief"). In his motion, Mr. Tyus states that he began experiencing shortness of breath while confined at Garner Correctional Institution and attributes the condition to radon exposure. TRO Mot. at 3 ¶¶ 4–5. He now experiences the condition "on occasion." *Id.* at 4 ¶ 7.

The defendants have submitted the declaration of Dr. Ricardo Ruiz, Mr. Tyus's current treating physician. Ex. B, ECF No. 60-2 (Dec. 11, 2020). On December 8, 2020, Dr. Ruiz

examined Mr. Tyus specifically with regard to his complaints of shortness of breath. *Id.* ¶ 5. During the evaluation, Mr. Tyus complained of shortness of breath during or upon exertion but not at other times. *Id.* ¶ 6. Mr. Tyus reported no pulmonary or cardiac issues and no history of cardiopulmonary issues. *Id.* ¶ 7. Dr. Ruiz observed nothing to suggest that Mr. Tyus was in danger of serious injury or irreparable harm relating to radon exposure, instead finding him in excellent health. *Id.* ¶¶ 8–9. Although there are no definitive tests for pulmonary issues related to radon exposure, Dr. Ruiz offered Mr. Tyus a chest x-ray. *Id.* ¶ 12. Both the radiologist and Dr. Ruiz concluded that the December 9, 2020 chest x-ray results were normal. *Id.* ¶ 14. In Dr. Ruiz's opinion, a CT scan is not necessary and not warranted given the heightened radiation exposure during a CT scan. *Id.* ¶ 13.

The Court views prisoner requests for preliminary injunctive relief with caution. *Fisher,* 981 F. Supp. at 167. Allegations of irreparable harm or claims of a likelihood of success on the merits must be substantiated with admissible evidence. *See Torrez v. Semple*, No. 3:17-cv-1223 (SRU), 2017 WL 6624009, at *1 (D. Conn. Dec. 28, 2017); *see also Cox v. Morley*, No. 9: 20-CV-1235 (GLS./CFH), 2020 WL 6781522, at *10 n.13 (N.D.N.Y. Nov. 18, 2020) (slip op.) ("[A]ny renewed request for injunctive relief must be supported by evidence, as opposed to mere allegations, showing that the alleged irreparable harm is imminent."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Mr. Tyus has provided no evidence to suggest that his shortness of breath is related to radon gas exposure and constitutes irreparable harm. His supposition is insufficient to overcome the medical opinion and x-ray results submitted by Defendants.

4

Mr. Tyus argues that he has a great likelihood of success on the merits and refers to the Second Circuit's decision in *Vega v. Semple*, 963 F.3d 259 (2d Cir. 2020). The Second Circuit, however, addressed in *Vega* only the defendants' claim that the case must be dismissed due to qualified immunity. *Id.* at 266–67. In affirming the district court's denial of the claim, the Second Circuit determined that the case should proceed on the merits, remanding the case for discovery about radiation mitigation and defendants' knowledge. *Id.* at 284–85. The court did not consider the merits of the underlying claim against specific defendants. *Id.* at 266–67. Thus, there is no basis for Mr. Tyus's assumption that his claim has a great likelihood of success.

### III.  CONCLUSION

Mr. Tyus's motion for temporary restraining order and/or a preliminary injunction is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of December 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge